UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURTADHA ALAMI                                    CIVIL ACTION

VERSUS                                            NO: 07-7388

WESTERN HERITAGE INSURANCE CO. ET AL.             SECTION: "R"(4)

### ORDER AND REASONS

Before the Court is defendant Western Heritage Insurance Company's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion and also seeks leave to amend the complaint pursuant to Rule 15(a). For the following reasons, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend his complaint.

### I.    BACKGROUND

Plaintiff sued Western Heritage and one of its employees, "John Doe," on August 27, 2007 in state court. Western Heritage removed the case on October 25, 2007. Plaintiff alleges that he purchased a Western Heritage insurance policy through one of the

company's agents, identified only as John Doe. (Compl. ¶ 3-4). Plaintiff further alleges that "Western Heritage Insurance Company and 'John Doe' breached their fiduciary duties owed to Plaintiff" and that "Plaintiff is entitled to recover the full value of his loss." (*Id.* ¶¶ 10, 14).  The complaint states that the agent negligently, fraudulently, and/or intentionally misrepresented to plaintiff that he had sufficient insurance coverage and that the agent failed to procure the coverage plaintiff requested he procure. (*Id.* ¶ 17).  Plaintiff seeks damages, penalties, and attorneys' fees pursuant to La. Revised Statute §§ 22:658 and 22:1220.  The complaint seeks recovery against Western Heritage on grounds of respondeat superior or negligent supervision.

## II.  LEGAL STANDARD

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court requires "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations and quotation marks omitted).

Federal Rule of Civil Procedure 8 provides the general rules of pleading. Pursuant to Rule 8(a):

> A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...[1]

Rule 8 requires that the pleading "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted). Although a complaint need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, it must show the that the pleader is entitled to relief and include more than mere "labels and conclusions." Fed. R. Civ. P. 8(a); *Twombly*, 127 S. Ct. at 1964-65; *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.").

**III. DISCUSSION**

    **A.  Motion to Dismiss**

The Court finds that plaintiff has not pleaded enough facts

---

[1] Language reflects 2007 amendments, effective December 1, 2007, absent contrary Congressional action.

to show that he is entitled to relief.  Although plaintiff alleges that defendants breached their contract with plaintiff, he has not pleaded any facts regarding the breach of the insurance contract that was issued to him by Western Heritage or tethered his claim to any policy provision in the contract. (*See* Def.'s Mot. Exh. B; Compl. ¶ 17).

Plaintiff has also alleged that Western Heritage and John Doe breached fiduciary duties they owed to plaintiff and "fail[ed] to advise an unsophisticated purchaser of the type of insurance policy required." (Compl. ¶¶ 10, 17).  Except under limited circumstances, insurance agents in Louisiana do not owe fiduciary duties to insureds, nor do they owe them a duty to advise. *See Dobson v. All State Ins. Co.*, 2006 WL 2078423, at *10 (E.D. La. 2006) (noting that there are no Louisiana cases "imposing a duty on an agent to spontaneously identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage."); *Dooley v. Wright*, 501 So. 2d 980, 985 (La. App. 1987), *writ denied*, 512 So. 2d 442 (La. 1987) (where plaintiff had not requested insurance that would cover his successor liability for a dissolved corporation, "his assumption that [the agent] was obligated to procure such coverage for him was patently unreasonable.").  Plaintiff has not alleged circumstances that would give rise to a fiduciary duty.

Plaintiff further alleges intentional or fraudulent misrepresentation and failure to procure.  The fraud claims are not pleaded with specificity as required by Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). *See also Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("at a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.") (internal quotation omitted).  As to plaintiff's allegations of negligent misrepresentation and failure to procure, he has not given defendants notice of "the grounds upon which [the claims] rest." *See Dura Pharmaceuticals*, 544 U.S. at 346.

Louisiana recognizes a cause of action for negligent misrepresentation leading to pecuniary loss when: (1) the defendant owed a duty to supply correct information; (2) the defendant breached that duty; and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation. *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n. 38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So.2d 106, 123 (La. App. 2005).  Louisiana recognizes a cause of

action of failure to procure insurance where a plaintiff can prove: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured. *See Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229-230 (5th Cir. 1990).  Plaintiff has not alleged what the insurance agent misrepresented to him, what he requested that his agent procure, what the agent actually procured, or that he even suffered a loss, other than to allege that he "is entitled to recover the full value of his loss."  The complaint therefore does not allege enough facts to state a claim to relief. *Twombly*, 127 S. Ct. at 1974 (2007).  Further, as plaintiff has not identified the agent, Western Heritage does not have adequate notice of whom it allegedly failed to supervise.

    **B.**    **Leave to Amend**

The Court has discretion to grant plaintiffs leave to amend their complaints "when justice so requires." *See* Fed. R. Civ. P. 15(a).  The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test

his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend, however, is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  Factors the Court should consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman,* 371 U.S. at 182; *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636 (5th Cir. 2007).  After consideration of these factors, the Court grants plaintiff leave to amend its complaint.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff has twenty days to amend his complaint.

New Orleans, Louisiana, this 2nd day of January, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE