UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURTADHA ALAMI                                    CIVIL ACTION

VERSUS                                            NO: 07-7388

WESTERN HERITAGE INSURANCE CO. ET AL.             SECTION: "R"(4)

## ORDER AND REASONS

Before the Court is defendant Western Heritage Insurance Company's motion for summary judgment. Plaintiff has not filed an opposition to the motion. For the following reasons, the Court GRANTS defendant's motion.

### I.   BACKGROUND

Plaintiff sued Western Heritage and one of its employees, "John Doe," on August 27, 2007 in state court. Western Heritage removed the case on October 25, 2007. Plaintiff alleged that he purchased a Western Heritage insurance policy through one of the company's agents, identified as John Doe. (Compl. ¶ 3-4). Plaintiff further alleged that "Western Heritage Insurance

Company and 'John Doe' breached their fiduciary duties owed to Plaintiff" and that "Plaintiff is entitled to recover the full value of his loss." (*Id.* ¶¶ 10, 14).

On January 2, 2008, the Court dismissed plaintiff's complaint without prejudice, and granted plaintiff leave to file an amended complaint. (R. Doc. 7.)  On January 22, plaintiff filed an amended complaint against Western Heritage and Millet Insurance Agency. (R. Doc. 8.)  The amended complaint states that Millet did not obtain the insurance coverage plaintiff desired because it procured a minimal garage keepers liability policy, which "did not contain coverage for business interruption or wind/rain damages." (Amend. Compl. ¶¶ 5-6, 9.)  Plaintiff further alleges that Western Heritage is liable for denying plaintiff's insurance claim, in violation of La. Revised Statute §§ 22:658 and 22:1220. (*Id.* ¶ 7.)  The complaint also seeks recovery against Western Heritage on grounds of "negligent supervision of its agent." (*Id.* ¶ 8.)

## II.   LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* F<small>ED</small>. R. C<small>IV</small>. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be

satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

The Court finds that Western Heritage is entitled to summary

judgment because (1) plaintiff cannot prevail on his bad faith claims; and (2) Western Heritage did not owe any duty to supervise Millet.  Plaintiff has not alleged that Western Heritage breached its insurance contract in denying plaintiff's claim for damages following Hurricane Katrina.  Indeed, he could not allege a breach of contract, as plaintiff alleges in his amended complaint that the property sustained damage from wind and rain as a result of Hurricane Katrina. (Amend. Compl. ¶ 7.)  He further alleges that his insurance policy excludes coverage for windstorm or hail. (*See* Amend. Compl. ¶ 5) ("The policy ... did not contain coverage for ... wind/rain damages.")  Western Heritage also included a copy of the insurance policy with its motion for summary judgment, which shows the windstorm or hail exclusion. (R. Doc. 15-6 at 7 of 8.)  Accordingly, the Court finds that plaintiff cannot allege a claim for breach of contract for Western Heritage's denial of insurance payments following Hurricane Katrina.  Plaintiff's bad faith allegations pursuant to Louisiana Revised Statutes 22:658 and/or 22:1220 must therefore fail. *See Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 85 (La. App. 1995) ("a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based."); *Phillips v. Patterson Ins. Co.*,

4

813 So. 2d 1191, 1195 (La. App. 2002).

Plaintiff's claim that Western Heritage had an obligation to supervise Millet also fails as a matter of law.  Western Heritage has introduced evidence that Millet is not its employee or agent and therefore it had no duty to supervise Millet.  Western Heritage contracted with N-Surance Outlets Inc. and provided N-Surance the authority to procure insurance policies for third parties on Western Heritage's behalf. (Murrey Aff., R. Doc. 15-10 ¶ 4.)  N-Surance, on behalf of Western Heritage, issued the insurance policy in question to plaintiff for the period September 30, 2004 to September 30, 2005. (*Id.* ¶ 9; Campbell Aff., R. Doc. 15-3 ¶ 5; *see also* Insurance Policy, R. Doc. 15-4, at 16 of 23.)  Millet, a retail insurance agency, or broker, acted as plaintiff's insurance agent and applied for insurance coverage with N-Surance on plaintiff's behalf.

Western Heritage never contracted directly with Millet or entered into an agreement with Millet in which it conferred upon Millet the authority to contract on its behalf.  Western Heritage has also introduced evidence that Millet is not an employee of Western Heritage. (Campbell Aff. ¶¶ 10-13.)  Accordingly, there is no evidence that Millet is an agent of Western Heritage, or that any relationship existed between them from which would arise a duty of Western Heritage to supervise Millet.  Further,

plaintiff has not opposed the motion for summary judgment, much less come forward with evidence that there is a genuine issue of material fact regarding whether Millet is an agent of Western Heritage. *See Celotex*, 477 U.S. at 324-25.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.  Plaintiff's claims against Western Heritage are dismissed.

New Orleans, Louisiana, this 24th day of April, 2008.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE